803 F.2d 723
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHNNY WHITE, Petitioner-Appellant
v.
ERNEST PELLEGRIN, COMMISSIONER; MICHAEL DUTTON, WARDEN;
and HERMAN C. DAVIS, WARDEN, Respondents-Appellees.
 No. 85-6041.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1986.
 
 BEFORE: KEITH and GUY, Circuit Judges; and BALLANTINE,* District Judge.
 PER CURIAM.
 
 
 1
 GUY, Circuit Judge.
 
 
 2
 Petitioner, Johnny White, appeals from a judgment dismissing his prayer for damages in this Sec. 1983 suit alleging due process violations. We affirm because petitioner has not proven actual damages.
 
 
 3
 Petitioner filed a Sec. 1983 complaint on January 11, 1985, alleging the conditions of confinement in administrative segregation at Tennessee State Penitentiary (TSP) violated his constitutional rights. The case was referred to Magistrate William Haynes, Jr. and on May 24, 1985, a report and recommendation was entered finding procedural due process violations vis-a-vis petitioner's continued confinement in administrative segregation. Specifically, the decisions in January 1985 (by the warden) and February 1985 (by the Segregation Review Board members) did not comply with the due process clause of the Fourteenth Amendment,[1] because adequate reasons were not given for continued confinement.
 
 
 4
 At issue in this appeal is whether petitioner was entitled to damages based on the finding of a due process violation. We hold that Carey v. Piphus, 435 U.S. 247 (1978) is dispositive of this case and damages are hereby denied. Carey holds that a Sec. 1983 procedural due process claim is compensatory only if there is proof of actual injury. Petitioner has failed to meet this burden. Indeed, the district court held a hearing on September 19, 1985, finding in an Order dated September 20, 1985, that "there was reasonable justification for the continued incarceration of the petitioner to administrative segregation at the time in question." Administrative segregation would have been proper even if detailed reasons were given for petitioner's continued confinement. Thus, this case is analogous to Carey where the Court held "[R]espondents[2] would not be entitled to recover damages representing the value of missed school time if petitioners showed on remand 'that there was just cause for the suspension[s] and that therefore [respondents] would have been suspended even if a proper hearing had been held."' Id. at 252. Accordingly, the decision below dismissing petitioner's claim for damages is affirmed.
 
 
 5
 GUY, Circuit Judge, dissenting.
 
 
 6
 I am unable to join in the majority opinion because of this court's recent decision in Franklin v. Aycock, Nos. 85-5041/5072, slip op. (6th Cir. July 15, 1986). I do not believe the majority's analysis of the damage issue squares with the sequential analysis called for by Franklin. I would remand for further consideration in light of Franklin.
 
 
 
 *
 Honorable Thomas A. Ballantine, Jr., United States District Court for the Western District of Kentucky, sitting by designation
 
 
 [1]
 On January 4, 1985, the warden disagreed with the Segregation Review Board's recommendation of White's release, merely stating "I will consider if the records continue to be positive," and ordered White's continued segregation. On February 6, 1985, the Board's report simply states that White should "remain at present". These were found not to be sufficient statements of continued confinement to comport with due process in light of Crafton v. Luttrell, 378 F. Supp. 521 (M.D. Tenn. 1974) and Bills v. Henderson, 631 F.2d 1287 (6th Cir. 1982). Recently, this court in Franklin v. Aycock, Nos. 85-5040 and 85-5072 (6th Cir. 1986) held that a written statement with reasons justifying continued confinement must be afforded prisoners in administrative segregation
 
 
 [2]
 Respondents were students suspended from school without a hearing. Respondents were allegedly suspended for marijuana use at school